The opinion of the court was delivered by
Whitehead, J.
The settlement of the defendant’s accounts as guardian, was made under the seventh section of the act concerning idiots and lunatics, Elm. Dig. 237, which enacts that on the coming of sane mind of any lunatic, the guardian may be compelled to render an account of his or her administration of the estate of such lunatic, to the orphan’s court, in the same manner as executors or administrators, are compelled by law to render an account of the administration of the estate of testators or intestates. The 30th section of the act to ascertain the power and authority of the ordinary and his surrogates, Elm. Dig. 364, *345 directs the maimer in which the accounts of executors and administrators are to be settled. It enacts, that the surrogate shall audit and state the accounts exhibited to him, and report the same to the orphans’ court, at the next sitting thereafter, the executors or administrators giving notice, &c., which court, on due proof of notice as aforesaid, and no exception being made to the report of the surrogate, shall decree an allowance of the account as stated. By the 32d section of the same act, page 365, it is enacted, that the sentence or decree of the orphans’ court, on the final settlement and allowance of the accounts of executors or administrators, shall be conclusive on all parties, and shall exonerate every such executor &c., from all demands of creditors, legatees or others, beyond the amount of such settlement as aforesaid, except for assets or moneys, which may come to hand after settlement, and excepting also in cases when a party applying for a re-settlement shall prove some fraud or mistake therein to the satisfaction of the said orphans’ court.
The important question raised by this demurrer is, whether an action at Jaw can be maintained upon this decree.
It will be observed by reference to these statutes, that the duty of the orphans’ court, after the commission of lunacy had been superseded, was simply to ascertain the amount of moneys in the hands of the guardian. The terms of the decree are, or should be, that there is in the hands of the guardian a certain sum of money. That court in cases of this kind, is simply a court of account, having no authority by statute to direct the payment of the money in the hands of the accountant. The allegation therefore in this declaration that the court decreed and ordained the money to be paid to the said plaintiff, is without any warrant from the statute. It was conceded by counsel on the argument, that, although the orphans’ court is, for certain purposes, to be regarded as a court of record, yet that its decrees are not of the nature of judgments of courts of record. There is no adjudication of recovery by one party against the other. There is no way, provided by statute, to enforce its decrees by execution or otherwise ; nor have they the effect of judgments of courts of record as preferred debts in the settlement of the estates of deceased insolvent debtors, or as constituting a lien upon lands. The *346 question then arises, whether upon a decree of this kind, simply ascertaining the amount in the hands of this guardian, without any directions as to the payment, and without investing it with the character, or allowing it the force and effect of a judgment of a court of record, an action at law can be maintained. I think not. The decree of itself, created no legal liability, but only ascertained the extent or measure of a previously existing liability. It was the defendant’s duty to pay over to the plaintiff all the moneys in his hands, when the plaintiff (in the language of the act) came to his right mind, and the commission of lunacy was superseded. The legal obligation then attached. The defendant was then restored to all his natural rights.
In all the cases cited by the defendant’s counsel, where actions have been sustained upon orders or decrees of courts, or officers specially appointed for the purpose, it will be found that they were authorized to make, and did make, an order or decree for the payment of the money. The case of Dubois v. Dubois, 6 Cowen, 496, was an action of debt upon the decree of á surrogaté, made in pursuance of a statute of the state of New York, whereby he was authorized to hear and determine all causes touching any legacy, &c., and to decree and compel payment thereof. The case of Howard v. Howard, 15 Mass. Rep. 196, was upon a decree ordering the defendant to pay to the plaintiff a certain sum of money for alimony. The court say, the decree is, in effect, as much a judgment, as if rendered on the common law side of the court; and that an execution could issue to carry it into effect.
An argument was attempted to be drawn in support of the action, from some decisions in other courts, sustaining actions at law upon decrees of the court of chancery. These decisions are by no means uniform. The only instance in which the question arose in this state, was in the case of Mulock v. Mulock, 3 Harrison, 134; and it was then decided that the action cannot be sustained. The Chief Justice, who delivered the opinion of the court, puts it upon the ground that a final decree in chancery, is not final in the sense of a judgment at law. It is, at least in a qualified sense, always open.— Such, it appears to me, is the character of the decree upon which *347 this suit is prosecuted. Although called a final decree, yet it is provided by statute that it may be opened or modified, upon proof of fraud or mistake, by a party applying for a re-settlement.
The plaintiff is not without an easy remedy, for the recovery of what may be due to him by the defendant. He is not obliged to resort to the bond, which may be defective. As I before remarked, when the commission of lunacy was superseded, the plaintiff was entitled to receive his property, from the hands of the defendant. The statute made it the duty of the guardian to restore it to him. The plaintiff’s remedy was to declare upon the original indebtedness for money had and received; and the decree of the orphan’s court unless modified or appealed from, would be conclusive evidence of the amount in the defendant’s hands.
Judgment for the defendant.
Hoenblowee, C. J., and Nevitjs and Randolph, Justices, concurred.
Carpenter, J., did not hear the argument and gave no opinion.
Cited in Shepherd v. Newkirk, 1 Zab. 308.